**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

THE BURLINGTON INSURANCE COMPANY,

    Plaintiff,

           v.                                  Case No.: 2:11-cv-0544-WJ-WPL

LAS CRUCES GOSPEL RESCUE MISSION, INC.,
A New Mexico Nonprofit Corporation, STANLEY
FLEMING as Personal Representative of the
ESTATE OF DENISE HOLMES, deceased and
JOHN HOLMES,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANTS'
MOTION TO DISMISS, and STAYING CASE**

THIS MATTER comes before the Court upon a Motion to Dismiss Complaint for Declaratory Relief, filed on July 13, 2011 by Defendants Stanley Fleming, Jon Holmes, and Las Cruces Gospel Rescue Mission ("Defendants") **(Doc. 9)**. Having considered the parties' briefs and the applicable law, I find that Defendants' motion is well-taken in that this Court shall abstain from exercising jurisdiction over this case; Defendants' motion is not well-taken in that the request for dismissal is denied, and a stay will be entered on all matters in this case pending a ruling by the New Mexico state court on the Third-Party Complaint filed by Mr. Fleming.

**Background**

Plaintiff in this case, The Burlington Insurance Company ("Burlington") brings this civil action to determine obligations of defense and coverage, pursuant to 28 USC § 2201 and Fed.R.Civ.P. 57. The Complaint for Declaratory Judgment asserts diversity jurisdiction under 28 U.S.C. § 1332. Defendants seek to dismiss the complaint because of a pending state court

proceeding.

**I.       Underlying Incidents and State Court Actions**

On January 19, 2008, while visiting the Las Cruces Gospel Rescue Mission, Inc. ("Mission"), Denise Holmes was stabbed to death by Mary Rascon, who was a temporary resident at the Mission. Stanley Fleming was appointed personal representative of Ms. Holms's estate, pursuant to New Mexico's Wrongful Death Act.  On February 6, 2008, Mr. Fleming filed a wrongful death case against the Mission in New Mexico state court.  Ex. A to Compl.[1]  The complaint in that case alleges that the Mission breached the duty it owed to Ms. Holms to keep the premises safe.

On January 13, 2011, almost three years later, Ms. Holmes's father filed a case in New Mexico state court against the Mission.  *See* Compl. for Loss of Consortium, Ex. B to Compl., *Holmes v. Las Cruces Gospel Rescue Mission, Inc.,* No. D-1314-CV-2011-55 (N.M. Thirteenth Judicial Dist. filed January 13, 2011).  In that case, Mr. Holmes alleges that he is entitled to compensation for the loss of consortium of his daughter as a result of the Mission breaching its duty to use ordinary care to keep the premises safe, and as a result of its negligence in its hiring, training and supervision of its staff and residence.

These two cases filed against the Mission by Mr. Fleming and Mr. Holmes were consolidated in state court.  Ex. B to Resp.

---

[1] There is no official file stamp for the copy of this complaint which is attached as Exhibit A to the federal complaint.  The date February 6, 2008 is stamped at the top of the page, which appears to be the date the copy was received by the Whitener Law Firm. Also, the case number provided in the federal complaint for this state court action (No. D-1314-CV-2008-00137) is not stamped on the copy, and appears to belong to a later case filed in 2011 by Mr. Fleming, instead of the February 2008 case.  *See* Ex. B to Mot.  However, parties do not dispute that these cases were filed on the dates as represented by counsel.

**II      Settlement Agreement Between Mission and State Court Plaintiffs**

The policy at issue ("Policy") is a Commercial General Liability Coverage, policy number 250B002740.  *See* Compl. at pages 5-7.  The Policy covers damages which result from "bodily injury" or "property damage," but not from assault and battery. Based on this exclusion, Burlington initially denied coverage and refused to provide a defense to the Mission, but later agreed to provide a defense pursuant to a reservation of rights letter.  *See* Ex. C to Compl. (letter dated Jan. 23, 2008) and Ex. D to Comp. (letter dated June 6, 2011).[2]  By that time, however, the Mission had hired its own counsel to represent its interests in the state court actions filed by Mr. Fleming and Mr. Holmes.

On June 9, 2011, counsel for the Mission advised Burlington by letter that, due to the lack of coverage, the Mission agreed to settle with Mr. Fleming and Mr. Holmes ("state court plaintiffs") for $600,000 as the value of any negligence the Mission might have committed.  This settlement was subject to an agreement that the state court plaintiffs would not seek to collect from the Mission, regardless of whether the underlying claims later proved to have no value. Exs. E & F to Compl.  The June 9th letter from the Mission's counsel to Burlington further indicated that Mr. Fleming and Mr. Holmes had filed a motion to enforce the settlement agreement.  The settlement agreement also contains a provision in which the Mission assigned to the state court plaintiffs all claims it had against Burlington, based on Burlington's failure to defend and cover.  Ex. F to Compl. As a practical result of the assignment based on the settlement agreement, the state court plaintiffs are named Defendants in this federal case.

Burlington filed the instant lawsuit on June 20, 2011.  One day later, on June 21, 2011,

---

[2] Burlington denied a defense and coverage prior to the filing of Mr. Fleming's 2008 wrongful death action and 2011 Mr. Holmes' loss of consortium lawsuit.

Mr. Fleming filed a Third-Party Complaint in New Mexico state court against the Mission and Burlington for collection of insurance proceeds, a declaration of rights, and for breach of contract.  *See* Ex. B to Mot.[3]

## Discussion

In this action, Burlington seeks a declaration that Mr. Fleming and Mr. Holmes are not entitled to liability coverage for the underlying events and are not owed a defense in the state court actions asserted against the Mission.  The question raised by Defendants' motion is whether this Court should abstain from exercising jurisdiction over this case.

The Declaratory Judgment Act vests federal courts with power and competence to issue a declaration of rights.   28 U.S.C. § 2201.[4] While this statute vests the federal courts with power and competence to issue a declaration of rights, *see Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112, (1962) (per curiam), the question of whether this power should be exercised in a particular case is vested in the sound discretion of the district courts.  *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1168 (10th Cir. 1995).  In considering whether to exercise jurisdiction over this case, I am required to consider whether "the questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court."  *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) (framing question as "whether the claims of all parties in interest can satisfactorily be adjudicated in [the state-court] proceeding" (quoting *Brillhart*, 316

---

[3] *Fleming v. Las Cruces Gospel Rescue Mission, Inc.*, No. D-1314-CV-2008-00137, also filed in Valencia County.

[4] The federal declaratory judgment statute provides "[i]n a case of actual controversy within its jurisdiction . . .  any court of the United States . . .  may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C. § 2201.

U.S. at 495).

## I. Analysis under *Mhoon* Factors

Assuming the district court has subject matter jurisdiction, the Court considers various factors to determine whether or not to hear a declaratory judgment action. Such factors may include: (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995) (citing *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir.1994)).

### A. Whether Declaratory Judgment Action Would Settle the Controversy

Burlington prefers to phrase the issue under this factor as whether the federal declaratory judgment action would resolve the key questions at issue in the parties' dispute. However, the relevant question under *Brillhart* abstention considerations is "whether the claims of all parties in interest can satisfactorily be adjudicated in [the state-court] proceeding." *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495); *St. Paul Fire and Marine Insurance Co. v. Runyon*, 53 F.3d 1167, 1169 (10th Cir. 1995).

While the two state court tort cases (Mr. Fleming's wrongful death action and Mr. Holmes' loss of consortium lawsuit) have settled pursuant to the settlement agreement with the Mission, Mr. Fleming's Third-Party Complaint is still pending in the New Mexico state court. That state court action incorporates the identical issues raised by Burlington in the federal case.

The Third-Party Complaint (¶¶ 13-16) seeks a determination regarding Burlington's duty to defend and cover issues identical to those raised in the federal action: Count I seeks a collection of the Policy benefits; Count II seeks declaratory judgment on Burlington's duty to defend and indemnify; and Counts III and IV allege breach of contract and bad faith on the part of Burlington.

Burlington contends that it is not a party to the state court actions, and thus those actions would not settle the controversy between the parties. This is only partially accurate. Burlington was not a named Defendant in the two tort actions which have since settled, but it is clearly named as a Third-Party Defendant in the action filed by Mr. Fleming to determine the coverage and defense issues. *See* Ex. B to Mot. Thus, the Third-Party Complaint currently pending in state court involves the same parties and same issues as those in the federal action.

The circumstances here are distinguishable from those in *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, where the Tenth Circuit affirmed the trial court's decision to proceed with the federal declaratory action because the insurer was not "a party to the state tort action, thus obviating any need for an independent declaratory action and providing a simpler and more efficient resolution of [the insurer's] obligations toward [the insured]. The pending state tort actions in *Mhoon* addressed whether the insured had intentionally shot his neighbor, but not specifically whether the insurer had a duty to defend and cover.[5]

B.      Whether Hearing the Declaratory Action Would Clarify Legal Relations at Issue

---

[5] The Tenth Circuit decision in *Mhoon* suggests that had the insurer been named in an action addressing issues similar to those in the declaratory action, the trial court would not have abused its discretion in abstaining. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d at 984("Indeed, both concede that a suit like this one would have been required at some point in some case other than the state tort action.").

Defendants contend that this Court is in no better position than the state court in determining whether Burlington has a duty to defend and indemnify.  Burlington argues that the federal declaratory action would adequately clarify those issues as well.

The Court agrees with Defendants in that pertinent issues relating to coverage and defense will be determined by the terms of the Policy as interpreted under New Mexico state law, and thus it is appropriate to allow the New Mexico state court to pass on them. The state court plaintiffs' position is premised on New Mexico case law which holds that the duty to defend is broader and wholly independent of the duty to indemnify.  *See Foundation Reserve Ins. Co., Inc. v. Mullenix*, 97 N.M. 618, 642 P.2d 604 (1982).  Also, they contend that it is a matter of dispute whether Ms. Rascon, the assailant, was capable of forming the *mens rea* required to assault Ms. Holmes, and thereby cause the incident to come within the assault and battery exclusion in the Policy.

Further, the Third-Party Complaint seeks relief in Count II under the New Mexico Declaratory Judgment Act,  New Mexico, NMSA 1978 § 44-6-1 et seq.  *See Headen v. D'Antonio*, 149 N.M. 667 (N.M.App. 2011) (describing the Act as "a special proceeding that grants the district courts the power to declare rights, status and other legal relations whether or not further relief . . . could be claimed").[6]  Thus, the issues in the federal declaratory judgment action are identical to what would constitute Burlington's defense to the state court Third-Party action filed by Mr. Fleming.

C.      Whether Declaratory Remedy is Being Used Improperly.

---

[6] In *St. Paul*, the Tenth Circuit noted that the state court in Oklahoma "cannot issue a declaratory judgment," but still found that "the contract case will resolve the question of insurance coverage under the insurance contract."  53 F.3d at 1169.  State district courts in New Mexico, however, are granted the power to grant such relief under  NMSA 1978 § 44-6-1 et seq.

Defendants claim that Burlington is using the declaratory remedy merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*." Burlington accuses Defendants of doing the same thing, contending that Mr. Fleming is trying to forestall Burlington's federal court action. Burlington has filed a motion to dismiss the Third-Party Complaint in state court, pointing out that it filed the declaratory action in federal court before Mr. Fleming filed the Third-Party Complaint in state court. *See* Ex. A to Resp.

Burlington accurately notes that it was the first to file, and urges the Court to follow New Mexico's first-filed, or priority jurisdiction rule. This rule states that:

> Generally, a second suit based on the same cause of action as a suit already on file will be abated where the first suit is entered in a court of competent jurisdiction in the same state between the same parties and involving the same subject matter or cause of action, if the rights of the parties can be adjudged in the first action.

*Valdez v. Ballenger*, 91 N.M. 785, 786 (N.M.,1978). However, I do not find this rule to apply here. The first-filed rule appears to involve only cases filed in more than one state court. In *Valdez*, for example, similar cases were filed in different counties in the same state. Instead, the issue here involves potential friction between the state and federal levels. In other words, the first-filed concept does not seem to be a critical factor under the *Brillhart/Mhoon* analysis.

The facts in *St. Paul and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, are instructive regarding Burlington's first-filed arguments. After three years of "haggling" over the insurer's refusal to defend or indemnify, the insured informed the insurer ("St. Paul") that he intended to file an action in state court for breach of contract and bad faith by a certain date if St. Paul refused to assume his defense. One day prior to the deadline set by the insured, St. Paul filed a declaratory action in federal court. The next day, the insured filed a bad faith suit in state court. The state court judge stayed the state court action until the federal declaratory judgment action

was resolved. Nevertheless, the federal judge abstained from exercising jurisdiction over the federal declaratory action, relying on the *Brillhart/Mhoon* factors. The Tenth Circuit affirmed the abstention on the grounds that there was a pending state court action "incorporating identical issues and insurer was using declaratory judgment action in federal court to provide an arena for race to *res judicata*." 53 F.3d at 1169. The fact that the insurer had filed the declaratory action first was not mentioned as critical or dispositive.

The case before the Court here has much of the same flavor as the *St. Paul* case. Burlington argues that the settled tort cases should not figure into the "race to *res judicata*" analysis, since Burlington is not a named party in those cases. This argument goes only so far. The "race to *res judicata*" should be viewed in a broader context than Burlington suggests. While it is true that Mr. Fleming filed the Third-Party Complaint one day after Burlington filed the federal declaratory action, the parties have been "haggling" over the defense and coverage issues for three years — just as the parties did in *St. Paul*.[7] Thus, the one-day advantage Burlington has over Defendants should be considered against the backdrop of a three-year window during which Burlington has stood firm in its stance that it owed Defendants no duty to defend or indemnify.

D.   Improper Encroachment and Alternative Remedy

The Court considers the last two *Brillhart/Mhoon* factors: whether use of a declaratory action would increase friction between federal and state courts and improperly encroach upon state jurisdiction; and whether there is an alternative remedy which is better or more effective.

Burlington's position on these factors is largely premised on the theory of "priority"

---

[7] The pleadings submitted on this motion support this finding.

jurisdiction based on its earlier filing of the declaratory action.  I have already found that this is not an important factor in the analysis, in light of all the circumstances of this case.  I agree with Defendants that abstention is appropriate in that the Third-Party Complaint should be allowed to proceed in the New Mexico courts.   If Burlington is found to have breached its duty to Defendants, damages will have to be determined according to state law.  Defendants also give another meritorious reason for abstaining from hearing the federal case, and allowing the state court case to proceed.  Even though the consolidated state tort actions have settled for a certain sum, that sum does not encompass any damages incurred by the Mission (or parties who have been assigned the Mission's claims against Burlington) for the alleged abandonment by Burlington and the failure to defend.  The federal declaratory action does not take up that issue – but it is included in the Third-Party Complaint.  For this reason, allowing the state court case to proceed would be the better alternative.

## II.     Whether Stay or Dismissal is Appropriate

Finally, the Court considers whether stay or dismissal is appropriate.  Defendants seek dismissal, while Burlington would prefer a stay.  Since no reply was filed, Defendants have not offered a good reason not to enter a stay.  The Tenth Circuit has noted that a stay

> will often be preferable in the declaratory judgment context.  The *Brillhart/Mhoon* analysis involves some measure of prognostication. In determining which forum would be best, the district court considers such questions as whether the state proceedings will *likely* adjudicate the claims of the federal parties and whether the federal proceeding will serve any useful purpose considering the *likely* scope of the state proceeding.

*U.S. v. City of Las Cruces*  289 F.3d 1170, 1192 (10th Cir. 2002) (emphasis supplied in original); *see American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc,* 408 F.3d 248, 250 (5th Cir. 2005) (if the federal suit seeks only a declaration of rights, district court's discretion to stay

or dismiss the suit is governed by *Brillhart* standard).

I find that a stay is warranted in this case. Should the Third-Party Complaint in the state court case prove inadequate in providing a resolution to the issues, these issues can be taken up by this Court without risk of a time bar. *Wilton*, 515 U.S. at 288 ("We note that where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy."). Also, Burlington contends that the Third-Party Complaint is deficient in several ways, and has already filed a motion to dismiss that Third-Party Complaint in the state court. If there is merit to Burlington's motion, the possibility arises that the state court will not be able to determine the matters relating to Burlington's duty to defend and indemnify, and those issues can more easily be taken up by this Court.

## Conclusion

In sum, I find and conclude that this Court should not exercise jurisdiction over this declaratory action, based on the factors set forth in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and in *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979 (10th Cir.1994).

I also find and conclude that a stay, rather than dismissal, is the appropriate remedy.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Complaint for Declaratory Relief **(Doc. 9)** is hereby GRANTED IN PART and DENIED IN PART in that this Court GRANTS Defendants' request to abstain from exercising jurisdiction over this case, and DENIES the request to dismiss the case;

**IT IS FURTHER ORDERED** that a STAY is entered in this case on all proceedings until such time as the Court is advised that the stay should be lifted;

**IT IS FINALLY ORDERED** that counsel are ordered to advise the Court when a disposition has been made in the state court proceeding, either obviating the need for this Court to hear this case or requiring that the stay be lifted in order for the case to proceed.

_____
UNITED STATES DISTRICT JUDGE